# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*In the Matter of Arno Weber,*

                Petitioner,

Case No. 3:24-cv-00277-SLG

## ORDER REMANDING CASE TO STATE COURT

On December 18, 2024, self-represented litigant Arno Weber filed a Notice of Removal and a civil cover sheet, and he paid the filing fee.[1] Mr. Weber seeks to remove to the federal court protective proceedings originally filed in the Alaskan Superior Court, Third Judicial District at Anchorage.[2] The Court takes judicial notice[3] of *In the Matter of: Weber, Arno Weber* Case No. 3AN-24-02591PR, concerning a guardianship proceeding concern Mr. Weber.[4] The Petition for Appointment of a Guardian was filed in the state court on December 6, 2024, and a temporary guardian was appointed on December 19, 2024.[5] A Notice of Removal of State Court Action to United States District Court was docketed in the state court

---

[1] Dockets 1–3.

[2] Docket 1.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[4] The docket records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[5] *In the Matter of: Weber, Arno Weber,* Case No. 3AN-24-02591PR, Docket Events.

on January 14, 2025. A guardianship/conservatorship hearing is scheduled in state court on March 26, 2025.[6] For the reasons explained below, this case has been improperly removed and must be remanded to the Superior Court.

## DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in a state court to a district court if the plaintiff could have originally filed the action in federal court.[7] Because federal courts are courts of limited jurisdiction, courts construe the removal statute strictly and reject federal jurisdiction if there is any doubt as to the right of removal.[8] Additionally, a case may only be removed to federal court by a defendant, so a removal petition filed by a plaintiff must be dismissed or remanded.[9]

Mr. Weber is the subject of the protective proceedings in the state court, not a defendant in the traditional sense. So, he may not remove the state court case to a federal court. Moreover, even if Mr. Weber were considered a defendant in the state court proceedings, the lack of federal jurisdiction over guardianship matters would preclude removal to the federal court. Mr. Weber asserts the Court

---

[6] *Id.*

[7] 28 U.S.C. § 1441(a).

[8] *Kenny v. Wal-Mart Stores, Inc.,* 881 F.3d 786, 790 (9th Cir. 2018). *See also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

[9] *See* 28 U.S.C. § 1441(a).

Case No. 3:24-cv-00277-SLG, *In the Matter of Arno Weber*
Order Remanding Case to State Court
Page 2 of 3

Case 3:24-cv-00277-SLG    Document 4    Filed 02/04/25    Page 2 of 3

has federal question jurisdiction and diversity jurisdiction and involves a foreign national.[10] However, guardianship proceedings are governed by state statutes, and a federal court must not interfere with the continuing jurisdiction of the state courts over any protective proceedings.[11] For these reasons, this case has been improperly removed to federal court and must be remanded to state court.

**IT IS THEREFORE ORDERED:**

1. This case is **REMANDED** to the Superior Court for the State of Alaska, Third Judicial District at Anchorage. The Clerk shall mail a certified copy of this order to the state court clerk.

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

DATED this 4th day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[10] Docket 1 at 1.

[11] *See* Alaska Stat. § 22.10.020 (establishing the state superior court's original jurisdiction in all civil and criminal matters, including protective and guardianship proceedings); Alaska Stat. § 13.26.406 (granting the state court exclusive jurisdiction over proceedings seeking the appointment of a conservator or other protective order, determining the need for such appointments, and managing the estate of the protected person).